UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SABO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOMBOY CORP.,<br><br>　　　　　Defendant. | Case No:<br><br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Robert Sabo ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Jomboy Corp. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Robert Sabo *("Sabo")* created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates an account with the name @Talkin' Giants on the social media website www.facebook.com (the "*FB Account*").

4. Defendant owns and operates an account with the name @TalkinYanks on the social media website www.instagram.com (the "*IG Account*").

5. Defendant owns and operates an account with the name Talkin' Yanks on the social media website www.twitter.com (the "*X Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the photographs on the FB Account, the IG Account and the X Account (collectively the "*Accounts*") and engaged in this misconduct knowingly and in

1

violation of the United States copyright laws.

## PARTIES

7. Plaintiff Robert Sabo is an individual who is a citizen of the State of New York and maintains a primary residence in Westchester County, New York.

8. Upon information and belief, Defendant Jomboy Corp., is a New York Corporation with a principal place of business at 48 West 37th Street, 15th Floor, New York in Manhattan County, New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On October 5, 2022 Plaintiff first published a photograph of Nick Gates, suited-up

for the first time since breaking his leg in the last season, and greets a Giants coach during practice. ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

17. Plaintiff published Photograph 1 by commercially licensing it to a third-party media company or agency for the purpose of display and/or public distribution.

18. Photograph 1 was first published by the New York Post as part of a Sports News article at URL https://nypost.com/2022/10/05/nick-gates-returns-from-broken-left-leg-to-give-giants-a-lift/.

19. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On October 29, 2022, Photograph 1 was registered by the USCO under Registration No. VA 2-326-548.

21. Plaintiff created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

22. On May 1, 2023 Plaintiff first published a photograph of Yankees pitcher Jonathan Loaisiga during a game ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

23. Plaintiff published Photograph 2 by commercially licensing it to a third-party media company or agency for the purpose of display and/or public distribution.

24. Photograph 2 was first published by the New York Post as part of a Sports News article at URL https://nypost.com/2023/05/01/jonathan-loaisiga-injury-update-yankees-pitcher-getting-surgery/.

25. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

26. On June 27, 2023, Photograph 2 was registered by the USCO under Registration No. VA 2-355-636.

27. Plaintiff created Photograph 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

28. On May 19, 2024 Plaintiff first published a photograph of New York Yankees starting pitcher Luis Gil during a game. ("*Photograph 3*"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

29. Plaintiff published Photograph 3 by commercially licensing it to a third-party media company or agency for the purpose of display and/or public distribution.

30. Photograph 3 was first published by the New York Post as part of a Sports News article at URL https://nypost.com/2024/06/24/sports/behind-the-scenes-of-luis-gils-superhero-yankees-emergence/.

31. In creating Photograph 3, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

32. On June 24, 2024, Photograph 3 was registered by the USCO under Registration No. VA 2-400-950.

33. Plaintiff created Photograph 3 with the intention of it being used commercially and for the purpose of display and/or public distribution (hereinafter all of the individual photographs herein listed above are referred to as the "*Photographs*").

**B.    Defendant's Infringing Activity**

34. Defendant is the registered owner of the Accounts and is responsible for their content.

35. Defendant is the operator of the Accounts and is responsible for their content.

36. The Accounts are a part of and used to advance Defendant's commercial enterprise.

37. Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in the media industry where copyright is prevalent.

38. Upon information and belief, Defendant's staff have significant experience in

copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

39. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

41. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

42. On or about October 26, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 1 on the FB Account as part of a social media post at URL https://www.facebook.com/TalkinGiants/photos/a.773870972999610/1746209749099056/?type=3&is_lookaside=1 ("*Infringement 1*"). A copy of a screengrab of the FB Account including Photograph 1 is attached as a part of Exhibit 2.

43. Infringement 1 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the FB Account.

44. On or about January 31, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 2 on the X Account as part of a social media story at URL https://x.com/TalkinYanks/status/1752714950311612714 ("*Infringement 2*"). A copy of a screengrab of the X Account including Photograph 2 is attached as a part of Exhibit 2.

45. Infringement 2 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the X Account.

46. On or about January 31, 2024, without permission or authorization from Plaintiff,

5

Defendant volitionally copied and displayed Photograph 2 on the IG Account as part of a social media story at URL https://www.instagram.com/p/C2xQooxOt4K/ ("*Infringement 3*"). A copy of a screengrab of the IG Account including Photograph 2 is attached as a part of Exhibit 2.

47. Infringement 3 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the X Account.

48. On or about May 19, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 3 on the FB Account as the cover of a video post https://www.facebook.com/talkinyanks/videos/1138556900729801 ("*Infringement 4*"). A copy of a screengrab of the video posted to the FB Account including Photograph 3 is attached as a part of Exhibit 2.

49. Infringement 4 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the FB Account.

50. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

51. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific Infringements.

52. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

53. Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

54. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it

was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

55. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

56. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

57. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

58. Upon information and belief, Defendant monitors the content on its Accounts.

59. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

60. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase its revenues.

61. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

62. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted materials.

63. Defendant's use of the Photographs harmed the actual market for the Photographs.

64. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

65. On April 18, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Photograph 1, Plaintiff's rights-protected work. Defendant failed to respond.

66. Thereafter, on March 7, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints regarding Photograph 1 directly with Defendant in attempt to

avoid litigation.

67. On August 6, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Photograph 2, Plaintiff's rights-protected work. Defendant failed to respond.

68. Thereafter, on September 5, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints regarding Photograph 2 directly with Defendant in attempt to avoid litigation.

69. On September 5, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Photograph 3, Plaintiff's rights-protected work. Defendant failed to respond.

70. Thereafter, on October 7, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints regarding Photograph 3 directly with Defendant in attempt to avoid litigation.

71. Despite Plaintiff's numerous efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

72. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's works thereby establishing the willful nature of its conduct.

73. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringements, 17 U.S.C. §501 et seq.)

74. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

75. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

76. The Photographs are properly registered with the USCO and Plaintiff has complied

with all statutory formalities under the Copyright Act and under regulations published by the USCO.

77. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

78. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

79. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

80. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Accounts.

81. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

82. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

83. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

84. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

85. The Photographs as originally published in the New York Post, as stated herein, contained a "gutter credit" attributing Plaintiff "Robert Sabo for the NY Post" as the author of the work. Such credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

86. Defendant distributed the Infringements without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photographs on the Accounts.

87. Upon information and belief, Defendant's distribution of containing the Photographs was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

88. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing article containing the Photograph would induce, enable, facilitate or conceal an Infringements.

89. Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photographs.

90. Defendant's conduct violates 17 U.S.C. § 1202(b).

91. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

92. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively,

Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

93.  As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

94.  Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f. for pre-judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: December 9, 2024

                                      **SANDERS LAW GROUP**

                                      By:   */s/ Craig Sanders*
                                      Craig Sanders, Esq.
                                      333 Earle Ovington Blvd, Suite 402
                                      Uniondale, NY 11553
                                      Tel: (516) 203-7600
                                      Email: csanders@sanderslaw.group
                                      File No.: 127790

                                      *Attorneys for Plaintiff*